UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| PHYLLIS WOODALL, d/b/a Diversified Investment Trust, <br><br> *Plaintiff*, <br><br> v. <br><br> UNDERWRITERS AT LLOYDS, LONDON, *et al.*, <br><br> *Defendants*. | Case No. 4:06-cv-71 <br><br> Judge Mattice |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant Underwriters at Lloyds of London's objection to United States Magistrate Judge William B. Mitchell Carter's order granting Plaintiff's motion to amend her complaint.

### **I. PROCEDURAL BACKGROUND**

Plaintiff Phyllis Woodall filed her complaint in the Circuit Court of Franklin County, Tennessee, on October 18, 2006, against Defendants Underwriters at Lloyds of London ("Lloyds"), Jeff Adrian, and Beach & Gentry Insurance Agency. [Court Doc. No. 1-2.] On November 16, 2006, Defendant Lloyds removed the action to this Court. [Court Doc. No. 1.]

On January 15, 2007, Plaintiff Woodall filed a motion to amend her complaint, seeking to substitute John Coutta in place of Woodall as the representative of Diversified Investment Trust (the "Trust"). [Court Doc. No. 6.] Defendant Lloyds opposed the amendment. [Court Doc. No. 11.] On March 1, 2007, Magistrate Judge Carter granted Plaintiff's motion to amend and ordered that Plaintiff be allowed to file the Amended and

Supplemental Complaint, in which the plaintiff is "Diversified Investment Trust, by John Coutta, Trustee." [Court Doc. No. 17.]

On March 12, 2007, Defendant Lloyds filed an objection to Magistrate Judge Carter's order, arguing that the allowance of the amendment was error. [Court Doc. No. 20.]

## II. STANDARD

With respect to nondispositive pretrial matters assigned to a magistrate judge for decision, a district court may reconsider the magistrate judge's decision on such matters and may overturn the decision only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Banner v. City of Flint*, 99 F. App'x 29, 35 (6th Cir. 2004).

## III. ANALYSIS

Defendant opposes the allowance of the proposed amendment on the grounds that Plaintiff's original complaint was filed in Woodall's individual capacity and that no claim was asserted by the Trust in that version of the complaint; as a result, an amendment to the complaint that adds the Trust, as represented by John Coutta, as a plaintiff and that relates back to the filing of the original complaint is improper because such amendment actually seeks to join a new party. In response, Plaintiff argues that she brought this action on behalf of the Trust in a representative capacity as its Manager and now merely seeks to replace her name with that of John Coutta, who is also authorized to bring suit on behalf of the Trust.

There seems to be no dispute among the parties that the Trust, as represented by its Manager or Trustee, is, in fact, the proper plaintiff with respect to the causes of action

raised in this matter. Moreover, the insurance policy at issue, which was attached to the original complaint, indicates that the named insured is Diversified Investment Trust.

The question, then, is whether the substitution of "Diversified Investment Trust by John Coutta, Trustee" for "Phyllis Woodall, d/b/a Diversified Investment Trust" is, as Plaintiff argues, simply the substitution of one representative of the Trust for another representative of the Trust. To hold in favor of Plaintiff, the Court must conclude that the original complaint was filed by Phyllis Woodall in her representative capacity as Manager of the Trust. The caption and wording of the original complaint, however, prevent this conclusion.

All of Plaintiff's filings with regard to the proposed amendment have assumed that "Phyllis Woodall, d/b/a Diversified Investment Trust" somehow works to state a claim on behalf of the Trust by Woodall in her representative capacity as Manager of the Trust. This assumption, however, is incorrect, as was previously explained by this Court in a case also involving the significance of the d/b/a designation:

> [S]everal district courts, as well as Tennessee state courts, have held that the use of the d/b/a designation within a caption is not legally significant. Courts faced with the issue have concluded that
>
>> "d/b/a" means "doing business as" but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations. So also with a corporation which uses more than one name.

> *Duval v. Midwest Auto City, Inc.*, 425 F. Supp. 1381, 1387
> (D.C. Neb. 1977); *see also S. Ins. Co. v. Consumer Ins.
> Agency, Inc.*, 442 F. Supp. 30, 31-32 (E.D. La. 1977); *Simpson
> Operating Co., Inc. v. Schwotzer*, No. 1362, 1990 WL 130829,
> *1 (Tenn. Ct. App. Sept. 12, 1990).

*Casteel v. Denso Mfg. Tenn., Inc.*, No. 1:05-cv-224, slip op. at 4 (E.D. Tenn. Jan. 22, 2007). Plaintiff has not produced anything beyond conclusory assumptions to suggest that the d/b/a designation in the original complaint acts to include Diversified Investment Trust as a party to this action, and the Court likewise can find none. As a result, the Court must conclude that the caption in the original complaint named only Phyllis Woodall, in her individual capacity, as a plaintiff. This conclusion is further supported by a reading of the allegations of the original complaint, which do not state that Woodall is the Manager of the Trust or give any indication that the claims stated in the complaint were being brought on behalf of the Trust.

The conclusion that Woodall filed the original complaint in her individual capacity has at least two consequences. First, Plaintiff's key argument in favor of the proposed amendment fails: it is clear that the amendment is not merely substituting one representative of the Trust for another representative of the Trust, but instead is adding a new party. Second, and critically, this conclusion gives rise to the concern that Woodall may not have standing to assert the claims stated in the original complaint or to seek to amend the complaint to substitute a new plaintiff.

In order for a federal court to have subject matter jurisdiction over a plaintiff's claims, that plaintiff must have standing to sue. *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002). In order to establish that she has standing, a plaintiff must demonstrate that (1) she suffered an "injury in fact," (2) there is a causal connection

between the injury and the conduct complained of, and (3) it is likely that the injury will be redressed by a favorable decision of the court. *Id.* Standing is a jurisdictional requirement that cannot be waived. *Id.*

In this case, the parties' filings indicate that Woodall did not suffer any injury in her individual capacity; rather, the injury allegedly suffered in this case was suffered by the Trust. As in *Zurich Insurance Co.*, this action was mistakenly filed in the name of Phyllis Woodall, in her individual capacity, when Woodall had no claims against Defendants in her individual capacity. 297 F.3d at 532. Accordingly, the Court must conclude that Woodall, in her individual capacity, has no standing to sue the named Defendants with respect to the stated causes of action. In the absence of standing, the Court concludes that it must dismiss Woodall's complaint for lack of subject matter jurisdiction and cannot entertain Woodall's motion to amend her complaint. Thus, for the reasons explained above and in accordance with 28 U.S.C. § 636(b)(1)(A), the Court concludes that Magistrate Judge Carter's order granting Woodall's motion to amend is contrary to law and therefore must be vacated and set aside.

## IV. CONCLUSION

For the reasons explained above, Magistrate Judge Carter's order granting Woodall's Motion to Amend [Court Doc. No. 17] is hereby **VACATED AND SET ASIDE**, and Plaintiff's Motion to Amend [Court Doc. No. 6] is **DENIED AS MOOT**. It is further **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The Clerk is directed to close the file in this matter.

SO ORDERED this 26th day of April, 2007.

                                                           */s/Harry S. Mattice, Jr.*
                                                      HARRY S. MATTICE, JR.
                                           UNITED STATES DISTRICT JUDGE